556 S.E.2d 389

**In the Matter of William Levern PYATT, Respondent.**

**No. 25385.**

Supreme Court of South Carolina.

Submitted Oct. 30, 2001.

Decided Dec. 3, 2001.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

William L. Pyatt, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction ranging from a public reprimand to a three month suspension. We accept the agreement and issue a public reprimand. The facts as admitted in the agreement are as follows.

### Facts

Client retained respondent to represent him in a workers' compensation matter. Client and respondent entered into a contingency fee agreement which provided that respondent would retain one-third of any settlement proceeds as his fee. In addition, client paid respondent $300 to cover "estimated costs."

Respondent settled client's matter for $6,369.87. Client signed an undated settlement statement which indicated that client would receive $4,246.58 and respondent would retain the remaining funds as his fee. The "estimated costs" were not accounted for in the settlement statement.

Respondent deposited the settlement check into his escrow account on December 19, 2000. Prior to depositing the settlement check, respondent had a negative balance in his escrow account. After depositing the settlement check, respondent's escrow account balance was $2,346.58. Respondent did not possess sufficient funds to pay client at that time and continued to have insufficient funds in the account until February 22, 2001, when he made a deposit of $132,546.64.[1]

On February 26, 2001, client received a check drawn upon respondent's escrow account in the amount of $4,246.58.[2] Client cashed a portion of the check, and deposited the remaining funds into his savings account. Client was later informed that the bank was dishonoring the check. On March 9, 2001, respondent issued another check to client in the amount of $4,246.58, plus $100 for client's "troubles."

Upon investigation of this matter, it was discovered that respondent was unaware of the requirements of Rule 417, SCACR. Specifically, respondent failed to maintain receipt and disbursement journals identifying the records of deposits for individual client deposits. Respondent also failed to maintain ledger records and portions of client files to completely understand records of deposit pertaining to them. Finally, respondent also failed to conduct a monthly reconciliation of his escrow account.

### *Law*

As a result of his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.15 (a lawyer shall promptly deliver to the client

---

1. These funds were received after resolving another client's matter.

2. Respondent dated the check; January 4, 2001. In addition, respondent failed to sign the check.

any funds that the client is entitled to receive); and Rule 8.4(a) (violating the Rules of Professional Conduct);

Respondent has also violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute).

Respondent also admits that he violated the financial record keeping requirements found in Rule 417, SCACR.

### Conclusion

We find that respondent's misconduct warrants a public reprimand. We therefore accept the Agreement for Discipline by Consent and publicly reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.